## EXHIBIT A

1. **Full Amount of Damages Awarded:** Defendants request that Plaintiff be prohibited from making any reference to or otherwise alluding to the fact that Plaintiff may not receive the full amount awarded by the jury because of attorney's fees, expenses, lines, taxes, etc. Such information is irrelevant and not necessary to determine the existence or extent of causation, injury or damage in this case. Therefore, any reference to the amount Plaintiff may ultimately recover if the jury awards damages is inadmissible.

2. **Lay Testimony Regarding Causation:** Any evidence or suggestion that any injury allegedly sustained by the Plaintiff was caused by the accident in question by any witness not qualified as an expert witness by this Court. Such evidence, without proper qualification is not admissible and would only serve to confuse the issues. In addition, the probative value of such testimony is far outweighed by the danger of unfair prejudice.

3. **Opinion Testimony of Lay Witnesses:** Defendants request that this Court exclude from evidence any testimony of Plaintiff and Plaintiff's witnesses, and any statement by Plaintiff's counsel, offering any opinion testimony regarding Plaintiff's medical condition(s) and/or Plaintiff's treatment of the condition(s), as well as any item, opinion, or element of damages, including but not limited to future medical needs, future medical expenses, the possibility that future medical expenses will be necessary, projections of past or future economic loss, or other information or opinions that require specialized knowledge, training or expertise by any person not designated as an expert witness by the Plaintiff. Any such opinion testimony is wholly inadmissible and would relate to matters which require the specialized knowledge of an expert. Fed.R.Evid. 701-702. Fed.R.Civ.P. 194, 195.

4. **Property Damage to Plaintiff's Vehicle:** Defendants request that this Court exclude from evidence any testimony of Plaintiff and Plaintiff's witnesses, and any statement made by Plaintiff's counsel, offering any opinion testimony regarding the value of the property damage incurred to Plaintiff's vehicle, as well as any item, opinion, or element of damages, or other information or opinions that require specialized knowledge, training, or expertise by any person not designated as an expert witness by the Plaintiff. Any such opinion testimony is wholly inadmissible and would relate to matters which require the specialized knowledge of an expert. In addition, Plaintiff has not placed the value of his property damage into issue in this matter and such evidence is irrelevant and would mislead and confuse the issues for the jury.

5. **Full Value of Medical Expenses:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning, or otherwise bringing before a jury, either during voir dire or at trial, evidence of the "full value" of Plaintiff's medical expenses. The "full value" of Plaintiff's medical expenses are irrelevant, misleads the jury, confuses the issues, and any relevance the court may find would be substantially outweighed by the prejudice on Defendants. Fed.R.Evid. 402, 403; Tex.Civ.Prac.&Rem. Code §41.0105; *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex.2011).

6. **Evidence of Mr. Whittaker's receipt and payment of prior citations:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning , or

otherwise bringing before the jury any reference that Mr. Whittaker was issued and paid a citation at any time prior to the accident in question. Such evidence is irrelevant and would mislead and confuse the issues for the jury. Additionally, a plea of no contest/nolo contender is inadmissible in a civil matter such as the present case before this Court.

7. **Evidence of Mr. Whittaker's receipt and payment of subsequent citations:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning or otherwise bringing before the jury any reference that Mr. Whittaker was issued and paid a citation at any time subsequent to the accident in question. Such evidence is irrelevant and would mislead and confuse the issues for the jury. Additionally, a plea of no contest/nolo contender is inadmissible in a civil matter.

8. **Evidence of Mr. Whittaker's prior driving record or prior driving history, including but not limited to the incident occurring on April 27, 2020:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning or otherwise bringing before the jury any reference to or evidence of Mr. Whittaker's driving record, driving history, or accident history prior to the incident made the basis of this litigation, including but not limited to the incident occurring on April 27, 2020 involving a U-turn performed by Steed Whittaker. Such evidence is irrelevant and would mislead and confuse the issues for the jury.

9. **Evidence of Mr. Whittaker's prior driving record or prior driving history, including but not limited to the incident occurring on May 7, 2020:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning or otherwise bringing before the jury any reference to or evidence of Mr. Whittaker's driving record, driving history, or accident history prior to the incident made the basis of this litigation, including but not limited to the incident occurring on May 7, 2020 when Steed Whittaker was reported as exceeding the company speed policy 19 times in California. Such evidence is irrelevant and would mislead and confuse the issues for the jury.

10. **Evidence of Mr. Whittaker's subsequent driving record or subsequent driving history, including but not limited to the incident occurring on June 15, 2020:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning or otherwise bringing before the jury any reference to or evidence of Mr. Whittaker's driving record, driving history, or accident history subsequent to the incident made the basis of this litigation, including but not limited to the incident occurring on June 15, 2020 when the roll stability sensors on his vehicle indicated a roll stability event. Such evidence is irrelevant and would mislead and confuse the issues for the jury.

11. **Statements regarding texting while driving:** Defendants request that Plaintiff be prohibited from offering into evidence, discussing, mentioning or otherwise bringing before the jury any reference to or evidence of Mr. Whittaker's statements or opinions regarding texting while driving. This case does not involve in any way the use of a handheld cellular device to make telephone calls or the use of the device to either send or receive a text message. Any evidence of Mr. Whittaker's opinions regarding texting while driving would be from statements made well after the incident made the basis of this

litigation and such statements were not in relation to the incident made the basis of this litigation in any way. Such evidence is irrelevant and would mislead and confuse the issues for the jury.

12. **Motion in Limine:** Any evidence or suggestion that Defendants filed this Motion in Limine or that the Court ruled in response thereto, because these matters are not of any concern to the jury in this litigation. Any such reference is inherently prejudicial in that it could suggest or infer that Defendants have acted improperly by seeking to prohibit proof. Moreover, referring to the Court's exclusion of a certain matter may be an indirect reference to the matter itself, violative of the Court's order. Fed.R.Evid. 401-403; *Texas Employers Ins. Ass'n v. Phillips*, 225 S.W.2d 364 (Tex.Civ.App. – Eastland 1953, writ ref'd n.r.e.); *Burdick v. York Oil Co.*, 364 S.w.2d 766, 769-770 (Tex.Civ.App. – San Antonio 1963, writ ref'd n.r.e.).

13. **Insurance Coverage:** The fact that Defendants are or are not covered by some form of liability insurance with respect to the incident in question for the reason that such fact is entirely immaterial to any issue in this cause, and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to Defendants. *Page v. Thomas*, 71 S.W.2d 234 (Tex.1934); *Texas Company v. Betterton*, 88 S.W.2d 1039 (Tex.1936); Fed.R.Evid. 411.

14. **Connection with Insurance Industry:** From inquiring of any member of the venire as to any connection with the insurance industry, and in this connection, Defendants would point out to the Court that if counsel is sincerely interested in determining whether or not there is any such connection for purposes of exercising jury strikes, they can do so by asking each individual juror their occupation, past occupations and that of those in their household, which will provide relevant information and at the same time, avoid harming Defendants by interjecting insurance into the case. *Brockett v. Tice*, 445 S.W.2d 20 (Tex.Civ.App.—Houston 1969, writ ref'd n.r.e.); *Miller v. Wood*, 476 S.W.2d 763 (Tex.Civ.App. – Tyler 1971, writ ref'd n.r.e.); *Green v. Ligon*, 190 S.W.2d 742 (Tex.Civ.App. – Fort Worth 1945, writ ref'd n.r.e.); Fed.R.Evid. 411.

15. **Answer Damage Issue "Regardless of Who Pays":** From interrogating any member of the venire as to whether they would answer an issue on damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry, for the reason that the same improperly injects the implication of insurance and wealth into the suit, and Defendants further move this Court to instruct all counsel not to make any such reference in jury argument of similar import. *Wright v. Excalibur Ins. Co.*, 486 S.W.2d 130, 133-35 (Tex.Civ.App.—Dallas 1972, no writ); *Griffith v. Castell*, 313 S.W.2d 149 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.); *Hurley v. McMillan*, 268 S.W.2d 229 (Tex.Civ.App. – Galveston 1954, Writ ref'd n.r.e.); *Ulmer v. Mackey*, 242 S.W.2d 679 (Tex.Civ.App. – Fort Worth 1951, writ ref'd n.r.e.); Fed.R.Evid. 411.

16. **Adverse Verdict's Effect on Insurance Rates:** Any inquiry about the identity of the liability insurance carrier for Central Oregon Truck Company and/or Mr. Whittaker, and

whether they have any feeling or belief that an adverse verdict against either Defendant or both Defendants would affect their insurance rates. Any inquiry by counsel about liability insurance would be highly prejudicial to Central Oregon Truck Company and/or Mr. Whittaker. Fed.R.Evid. 403.

17. **Insurance Lawyers:** Any reference to the circumstances surrounding the employment of counsel for Central Oregon Truck Company and/or Mr. Whittaker, any reference to the fact that Central Oregon Truck Company and/or Mr. Whittaker's counsel was hired by Central Oregon Truck Company and/or Mr. Whittaker's insurance carrier, any reference to Central Oregon Truck Company's counsel as an "insurance lawyer," or any other reference or term or phrase that would indicate that counsel for Central Oregon Truck Company and/or Mr. Whittaker, or the firm of Mayer LLP, regularly engages in such work. Fed.R.Evid. 403.

18. **Financial Status:** Any evidence of or reference to the financial status of Central Oregon Truck Company, including but not limited to, either Central Oregon Truck Company and/or Mr. Whittaker's gross and net income, profit, and net worth, because such evidence is irrelevant in this litigation. Fed.R.Evid. 401-403.

19. **Financial Wealth:** From mentioning, referring to, or asking questions regarding the financial status of Central Oregon Truck Company and/or Mr. Whittaker; or regarding the assets, property, liabilities or wealth of Central Oregon Truck Company and/or Mr. Whittaker for the reason that such collateral financial matters are not relevant to any material issue in this litigation and would be brought up solely for the purpose of prejudice and inflammation of the jury, without first establishing a prima facie finding of gross negligence. Any reference to Central Oregon Truck Company and/or Mr. Whittaker's finances, ability to pay, or other matters relating to their financial status would constitute an effort to "compare the wealth" of the parties and can only serve the purpose of creating prejudice against Defendants, thereby causing the jury to reach a verdict based on emotion, rather than fac, and would, in all probability, have such effect. *Murphy v. Waldrip*, 693 S.W.2d 584 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *Wimoth v. Limestone Products Co.*, 225 S.W.2d 532 (Tex.Civ.App.—Waco 1953, writ ref'd n.r.e.); *Coca-Cola Bottling Co. v. Tannahill*, 235 S.W.2d 224 (Tex.Civ.App.—Fort Worth 1950, Writ dism'd); *First National Bank of Marshall v. Beavers*, 619 S.W.2d 288 (Tex.Civ.App. – Texarkana 1981, writ ref'd n.r.e.); Fed.R.Evid. 401-403.

20. **Damages Received:** Any reference to the fact Plaintiff may not receive the full amount awarded because of attorney's fees, expenses, etc. Such information is irrelevant and not necessary to determine the existence or extent of liability, injury, or damage in this case. Therefore, such information is inadmissible. Fed.R.Evid. 401-403.

21. **Settlement Offers:** Any offers of settlement and/or compromise, negotiations or final settlements between any of the parties. *Brannan v. Texas Employers Ins. Assoc.*, 248 S.W.2d 118 (Tex.1952); Fed.R.Evid. 408.

22. **Hearsay Statements:** Any mention of statements to the jury as to what the opposing parties, or their attorneys, have been told by anyone regarding causation of the accident. This specifically includes any reference to correspondence or other comments by any experts or others regarding criticisms of Central Oregon Truck Company and/or Mr. Whittaker. Fed.R.Evid. 802-804.

23. **Failure to Call Equally Available Witnesses:** Any mention that Defendants have not called to testify any witness equally available to both Central Oregon Truck Company and/or Mr. Whittaker and opposing parties in this cause. In this connection, Central Oregon Truck Company and/or Mr. Whittaker move that counsel further be instructed not to tender, read from or refer to any ex parte statement or report, not previously admitted into evidence by the Court, or any person not then and there present in Court to testify and to be cross-examined by counsel for Central Oregon Truck Company and/or Mr. Whittaker, and that counsel be instructed not to suggest to the jury, by argument or otherwise, that would have been testimony of any witness not actually called. *Grogan v. Santos*, 617 S.W.2d 312 (Tex.Civ.App. – Tyler 1981, no writ); *Texas Power & Light Co. v. Walker*, 559 S.W.2d 403 (Tex.Civ.App. – Texarkana 1977, no writ); *Sanders v. St. Paul Fire &Marine Ins. Co.*, 429 S.W.2d 516 (Tex.Civ.App. – Texarkana 1968, writ ref'd n.r.e.).

24. **Testimony of Absent Witnesses:** Any references, mention or statement to the jury of the probable testimony of a witness who is absent, unavailable or not called to testify in this cause. *Texas Power & Light Co. v. Walker*, 559 S.W.2d 403 (Tex.Civ.App. – Texarkana 1977, no writ); *Sanders v. St. Paul Fire &Marine Ins. Co.*, 429 S.W.2d 516 (Tex.Civ.App. – Texarkana 1968, writ ref'd n.r.e.).

25. **Demand Items from Attorney's Files:** That counsel be instructed not to make demands or requests before the juyry for matters found or contained in the files of counsel for Central Oregon Truck Company and/or Mr. Whittaker which would include pleadings or photographs and other documents or tangible items. Such matters are privileged or potentially privileged from disclosure under Fed.R.Civ.P. 192-193 and/or Fed.R.Evid. 401-403 and 503.

26. **Request for Stipulation in Jury Presence:** Requesting counsel for Central Oregon Truck Company and/or Mr. Whittaker to stipulate to either the admissibility of any evidence or stipulate to any facts or matters in front of the jury. Fed.R.Evid. 401-403.

27. **Relationship Between Central Oregon Truck Company and/or Mr. Whittaker and their counsel:** Any statement, reference, comment or question pertaining to the relationship between Central Oregon Truck Company and/or Mr. Whittaker and the attorneys representing them, or the previous attorneys for Central Oregon Truck Company and/or Mr. Whittaker in this or in any other matter, or to the relationship between the attorneys representing Central Oregon Truck Company and/or Mr. Whittaker, and any insurance company or the existence or identify of any attorneys representing Central Oregon Truck Company and/or Mr. Whittaker in any other litigation. In this connection, Central Oregon Truck Company and/or Mr. Whittaker, claim the lawyer-client privilege

under Fed.R.Evid. 503. *See also*, *Holman v. Herscher*, 16 S.W.984 (Tex.1891); *Foster v. Buchele*, 213 S.W.2d 738 (Tex.Civ.App. – Fort Worth 1948, writ ref'd n.r.e.).

28. **Attorneys' Comments in Deposition:** Any reading or reference to comments or statements, other than questions to witnesses, contained in any deposition taken in this case because such constitute unsworn testimony or statements. Fed.R.Evid. 401-03, 801-04.

29. **Use of Photographs or Motion Pictures:** That counsel should not proffer for evidence, or mention the existence of any such evidence, any such items not produced in response to written discovery, including but not limited to, the alleged video of the accident from the Freightliner dealership adjacent to the scene of the accident referenced multiple times by opposing parties during the depositions of the parties and the witness. Moreover, that should counsel wish to introduce any photographs or motion picture file or videos (which was produced) into evidence, the same be tendered to the Court and opposing counsel outside the presence of the jury and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence.

30. **Texts, Treatises, Etc.:** Referring to or seeking to introduce in any form, any portion of any text, treatise, journal article or other purported authoritative treatise or writing until prior disclosure has been made to counsel for Defendants and the proper predicate established as to admissibility.

31. **Violation of Statutes or Regulations:** Any reference directly or indirectly to any statute or regulation allegedly violated by Central Oregon Truck Company and/or Mr. Whittaker until such time as the Court rules that any such statue or regulation is based on the proper standard of care to support a negligence per se allegation/claim or submission and that was timely plead, and that there is evidence of the violation thereof. *Ordonez v. M.W. McCurdy & Co.*, 984 S.W.2d 264 (Tex.Civ.App. – Houston [1st Dist.] 1993, no writ).

32. **Unrelated or Prior Suits, Claims or Settlements:** That Central Oregon Truck Company and/or Mr. Whittaker have been involved in any lawsuit or has settled any claim, or the amount of any such settlement, as all such matters are unrelated to the subject of the present action. Fed.R.Evid. 401-403. To refrain from mentioning, suggesting, implying, or inquiring about any lawsuits or other types of claims, accusations, charges, inquiries, or investigations which have in the past been filed or made or conducted or are presently pending, against Central Oregon Truck Company and/or Mr. Whittaker for the reason that such matters are wholly irrelevant to the issues in this case, and would be mentioned solely for the purpose of prejudicing the jury with collateral matters, the merits of which could not possible be litigated in this suit. Fed.R.Evid. 401-403.

33. **Unrelated or Subsequent Suits, Claims or Settlements:** That Central Oregon Truck Company and/or Mr. Whittaker have been involved in any lawsuit or has settled any claim, or the amount of any such settlement, as all such matters are unrelated to the subject of the present action. Fed.R.Evid. 401-403. To refrain from mentioning, suggesting, implying, or inquiring about any lawsuits or other types of claims, accusations, charges, inquiries, or

investigations which since the incident made the basis of this litigation have been filed or made or conducted or are presently pending, against Central Oregon Truck Company and/or Mr. Whittaker for the reason that such matters are wholly irrelevant to the issues in this case, and would be mentioned solely for the purpose of prejudicing the jury with collateral matters, the merits of which could not possible be litigated in this suit. Fed.R.Evid. 401-403.

34. **Safety:** Any reference or inquiry directly or indirectly as to whether or not Central Oregon Truck Company and/or Mr. Whittaker, their agents or employees have had any previous claims, suits, regulatory violations of any kind, because such inquiry would be improper and highly prejudicial, harmful and inflammatory, as well as irrelevant and immaterial. Fed.R.Evid. 401-03.

35. **Limitation to Complained of Conduct:** Any question, comment or reference to any theories of negligence other than those specifically set forth in the timely filed pleadings of the parties, or any theories of causation which are not confirmed by expert testimony. Fed.R.Civ.P. 26(a)(2).

36. **Damage Expenses:** Any evidence or documentation of damage costs and expenses that have not been timely supplied in response to outstanding discovery. Fed.R.Civ.P. 26, 33, 35, 37.

37. **Impeachment for Criminal Convictions:** Any introduction of evidence as to questioning of witnesses regarding, or other indirect inquiry, into the criminal convictions or charges against any witnesses called by Central Oregon Truck Company and/or Mr. Whittaker in this litigation. Any such convictions are wholly unrelated to the disputed issues in the case and are not suggestive or determinative of the veracity of the witness. As such, the prejudicial effect of this evidence would greatly outweigh its probative value. Fed.R.Evid. 609.

38. **Central Oregon Truck Company's Policies and Procedures:** Any reference or inquiry directly or indirectly as to Central Oregon Truck Company and/or Mr. Whittaker's violations of policies and procedures as this material constitutes hearsay, would be improper and highly prejudicial, harmful, and inflammatory, as well as irrelevant and immaterial. Fed.R.Evid. 401-403, 801-803, 901-902. In addition, any such opinion testimony is wholly inadmissible and would relate to matters which require the specialized knowledge of an expert. Further, it would impose a duty upon Defendants greater than that imposed by the operation of the laws of the State of Texas.

39. **Paid/Incurred Medical Expenses:** Any reference or inquiry directly or indirectly as to past medical expenses which were not actually reduced the amount paid or incurred. Tex.Civ.Prac&Rem. Code § 41.0105; *Haygood v. Escabedo*, 356 S.W.3d 390, 54 (Tex.2011). Further, any such reference or inquiry would be improper, irrelevant, immaterial, constitute false and misleading evidence for the jury, create jury confusion and lead the jury to make inflated findings on non-economic damages. Fed.R.Evid. 401-403; *Pipgras v. Hart*, 832 S.W.2d 360, 265 (Tex.App. – Fort Worth 1992, writ denied).

40. **Subsequent Remedial Measures:** Any reference or inquiry, directly or indirectly, to any subsequent remedial measures taken in regards to the incident made the basis of this lawsuit, including but not limited to, any punishment, retraining, or lack thereof, to Mr. Whittaker for the incident made the basis of this litigation or any internal investigation as to causation and/or preventability performed by Central Oregon Truck Company as a result of the incident made the basis of this litigation. Fed.R.Evid. 407.

41. **Claims of Negligent Hiring, Retention and Training of Mr. Whittaker:** That Plaintiff and his witnesses, including expert witnesses, be prohibited from introducing any testimony or other evidence regarding Mr. Whittaker's competence as a driver or Central Oregon Truck Company's alleged negligence in hiring, failing to properly train or supervise, or entrust the vehicle to Mr. Whittaker because any such evidence is irrelevant and inadmissible. Fed.R.Evid. 401; *Williams v. McCollister*, 671 F.Supp. 2d 844, 888 (S.D. Tex. 2009)("[I]f vicarious liability is not contested, the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant, as long as a plaintiff pleads ordinary negligence."); *Rutherford v. Joe Rud Trucking, Inc.*, No. SA-13-CA-856-FB, 2015 WL 12571379 at *5 (W.D. Tex. July 1, 2015)(Slip op.)(applying the same analysis to a negligent entrustment claim). Accordingly, any such evidence is irrelevant because the Court's order granting Defendant's Motion for Partial Summary Judgment disposed of Plaintiff's gross negligence claims and Defendants have stipulated to vicarious liability. *See Id.* In addition, to the extent said evidence is relevant, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed.R.Evid. 403; *United States v. King*, 934 F.2d 621, 628-29 (5th Cir.1991)(Probative value of evidence was outweighed by threat of prejudice where Defendants' stipulation rendered evidence irrelevant to "any fact of consequence to the determination of the action.")

42. **Police Report and Opinions of Investigating Officers:** Any reference of any mention or questioning, directly or indirectly in any matter, including offering documentary evidence, in the presence of the jury, concerning the Police Report prepared as a result of the incident of the made the basis of this litigation and the opinions and conclusions of the Police Officers that came to the scene of the accident until such time as the investigating officer and author of the Police Report can be shown to be a qualified accident reconstruction expert and that his causation opinions are reliable based on how the accident occurred, his investigation, if any, of the incident made the basis of this litigation and the sufficient of the factual basis of his opinions. *See Clark v. Cotton*, 573 S.W.2d 885, 887-888 (Tex.Civ.App. – Beaumont 1978, writ ref'd r.n.e.)(officer with eight plus years of experience and who had investigated over 350 accidents did not qualify as an expert when he had not received specialized training in accident reconstruction); *See also St. Louis Sw. R.Co. v. King*, 817 S.W.2d 760, 763 (Tex.App.—Texarkana 1991, no writ); *Pyle v. S. Pac. Transp. Co.*, 7745 S.W.2d 693, 695 (Tex.App.—Houston [1st Dist.] 1989, writ denied. Further, expert testimony is unreliable if it is based on unreliable data, or if the expert draws conclusions from the underlying data "based on flawed methodology." *Ford Motor Co. v. Ledesma*, 252 S.W.3d 32, 39 (Tex.2007). The opinion must also be based on proper factual

foundation. Fed.R.Evid. 503. An expert's opinion is not reliable, and thus not admissible, if it lacks a proper factual foundation. *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 714 (Tex.1997); *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex.2003).

43. **Arguments to "Send Defendants a Message":** Any argument or comment that the jury or jury panel should attempt to "send Defendant a message," "make a difference" and/or make its "time" during trial "worthwhile" or any other such comments or argument which is calculated to have the jury assess damages based upon an emotional response and not upon the evidence and the Court's charge. Such arguments and comments improperly encourage the jury to depart from neutrality, to decide the case based on a juror's personal interest and bias and to substitute a juror's own judgment as to what the law should be in disregard of jury instructions. Accordingly, they should be disallowed. *See* Fed.R.Evid. 401 and 403.

44. **Arguments Defendants Should Prioritize Safety:** Any argument or comment that the Defendant, its principals or its employees should "make safety a priority," "put safety first," "do things the right way" or any other such comments or argument which is calculated to have the jury render a verdict based upon a standard or expectation other than the applicable standards, conduct and duties as established by the evidence and the Court's charge. Such arguments and comments improperly encourage the jury to depart from neutrality, to decide the case based on a juror's personal interest and bias and to substitute a juror's own judgment as to what the law should be in disregard of jury instructions. Accordingly, they should be disallowed. *See* Fed.R.Evid. 401 and 403.

45. **Arguments Jury is the Guardian of the Community:** Any argument or comment that the jury or the jury system acts as a "conscience," "guardian," or "protector" of the jurors' families, friends, the community or of community safety since such arguments are improper and seek to have the jury render a verdict based upon an emotional response and not upon the evidence and the Court's charge. *See Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985) (en banc) (holding arguments regarding the jury acting as the community's conscience or guardian, such that the jury had a communal responsibility to find a defendant liable, and arguments which are impassioned and prejudicial that intend to evoke a sense of community loyalty, duty and expectation were improper).Any argument or attempt to argue the "golden rule" or any argument which attempts to place the jurors in the place of the Plaintiff or Intervenor since such arguments are improper and seek to have the jury render a verdict based upon an emotional response and not upon the evidence and the Court's charge. *Dallas County v. Crestview Corners Car Wash*, 370 S.W.3d 25, 48 (Tex. App.-Dallas 2012, pet. denied); *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 708 (Tex. App.-Dallas 2008, pet. denied) ("appeals to the jury to place themselves in the shoes of a litigant generally are improper").

46. **Statements regarding Defendants Refusal to Accept Responsibility:** Any statements that Defendant has "refused to accept responsibility" or any other such language which is calculated to have the jury assess the damages based upon an emotional response and not upon the evidence and the Court's charge. Furthermore, any such statements or assertions are irrelevant with respect to Defendant. Fed.R.Evid. 402.