# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES AIKENS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00567 |
| | § | Judge Mazzant |
| CENTRAL OREGON TRUCK COMPANY, INC. d/b/a CENTRAL OREGON TRUCK COMPANY and STEED NELSON WHITTAKER, | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Motion for Partial Summary Judgment (Dkt. #17). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED.**

### BACKGROUND

This case arises out of a motor vehicle collision that occurred on June 12, 2020, in Howe, Texas. James Aikens ("Aikens") was traveling in the left lane of the interstate when his vehicle was hit by a Central Oregon Truck Company, Inc. ("COTC") trailer, indisputably driven by Steed Nelson Whittaker ("Whittaker"). At the time of the collision, Whittaker was employed by COTC.

Aikens brings this lawsuit against both COTC and Whittaker (collectively, "Defendants"), alleging that he sustained severe injuries to his head, neck, back, elbow, and other parts of his body as a result of the collision. On May 21, 2021, COTC Defendants filed the present motion

(Dkt. #17).  On June 7, 2021, Aikens filed a response (Dkt. #22).  On June 14, 2021, Defendants filed a reply (Dkt. #23).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment."  *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the

nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden.  Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment.  *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).  The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants present four issues to the Court for consideration: (1) "[w]hether . . . COTC is entitled to summary judgment as to [Aikens'] claim for negligent entrustment[;]" (2) "[w]hether . . . Whittaker is entitled to summary judgment as to [Aikens'] claim for negligent entrustment[;]" (3) "[w]hether . . . COTC is entitled to summary judgment as to [Aikens'] claim for gross negligence[;]" and (4) "[w]hether . . . Whittaker is entitled to summary judgment as to [Aikens'] claim for gross negligence" (Dkt. #17 at p. 3).  Defendants contend that "[a]fter litigating this matter since July 2020, it is clear [Aikens] does not have sufficient evidence to support each essential element of the . . . claims" (Dkt .#17 at p. 3).

Aikens responds that partial summary judgment is improper.  Regarding the negligent entrustment claims, Aikens argues that "Whittaker's history of reckless driving while employed by COTC raises a genuine issue of material fact as to Whittaker's competency as a driver and

3

COTC's knowledge of his competence" (Dkt. #22 at p. 1). Regarding his gross negligence claim, Aikens argues that "[b]ecause [his] gross negligence claim involves a subjective element inquiring into Defendants' state of mind, the issues of intent are best left to the trier of fact after all the evidence has been heard" (Dkt. #22 at p. 1). Aikens alternatively asserts that "[e]ven if the Court can determine the subjective element of [his] gross negligence claim as a matter of law, the record includes more than sufficient evidence to support [his] gross negligence claims against Defendants" (Dkt. #22 at p. 1).

The Court will address each of Aikens' claims, as well as each Defendant the claim relates thereto, in turn.

### I. Negligent Entrustment

To establish liability for negligent entrustment, "there must be a showing of: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed[;] (4) that the driver was negligent on the occasion in question[;] and (5) that the driver's negligence proximately caused the accident." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987) (first citing *Williams v. Steve's Indus., Inc.*, 699 S.W.2d 570, 571 (Tex. 1985); and then citing *Mundy v. Pirie-Slaughter Motor Co.*, 206 S.W.2d 587, 591 (Tex. 1947)). "For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Id.* (citations omitted).

#### a. COTC

Regarding negligent entrustment by COTC, Defendants assert that Aikens "cannot [establish] two [of the] essential elements of [the] . . . claim" (Dkt. #17 at p. 8). Specifically, Defendants claim that Aikens "has no evidence that Whittaker was unlicensed, incompetent or a

4

reckless driver[,]" and Aikens has no evidence that "COTC should have known about any such incompetency or recklessness" (Dkt. #17 at p. 8).

Aikens responds that "there is substantial evidence to raise a genuine issue of material fact" as to the contested elements (Dkt. #22 at p. 8).  In support, Aikens points to Whittaker's alleged "several violations of company policy" during Whittaker's "first few months of employment with COTC" (Dkt. #22 at p. 8).  Aikens also cites to Whittaker's personnel file, which indicates COTC knew of a U-Turn Whittaker made on a drive in Idaho, despite such action violating company policy (*see* Dkt. #22, Exhibit 5 at p. 2).  According to Aikens, Whittaker exceeded the speed limit on a drive in California nineteen times in a single day.  Aikens contends that COTC never reprimanded Whittaker, and the company instead continued to trust Whittaker with driving an 18-wheeler.

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden of demonstrating that there is no genuine issue of material fact as to Aikens' negligent entrustment claim against COTC.

### b. Whittaker

After considering Aikens' Complaint, the Court is not convinced that Aikens is asserting a negligent entrustment claim against Whittaker (Dkt. #5). Defendants make an argument that Aikens has raised a legally insufficient claim of negligent entrustment against Whittaker (Dkt. #17 at p. 7). However, Aikens provides sufficient clarification that a claim of negligent entrustment was brought only against COTC. Aikens responds that Defendants' "attempt to force [him] to establish evidence of a negligent entrustment claim against . . . Whittaker as well as COTC . . . defies logic, commonsense, and Texas law" (Dkt. #22 at p. 2).  Aikens then notes that

he "will therefore address [his] negligent entrustment claim as it relates to both Defendants rather than address the claim as to each individual defendant" (Dkt. #22 at p. 2).

After a careful review of the record and the arguments presented, the Court finds that Defendants' motion on this point should be denied as a claim of negligent entrustment against Whittaker does not exist on the record.

## II. Gross Negligence

Aikens also brings claims for gross negligence against both COTC and Whittaker. Under Texas law:

> 'Gross negligence' means an act or omission:
>
> > (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
> >
> > (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11). Worthy of particular emphasis is "[g]ross negligence consists of both objective and subjective elements." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). "Under the first, objective element, an extreme risk 'is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Medina v. Zuniga*, 593 S.W.3d 238, 247–48 (Tex. 2019) (quoting *Mobil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)). "To establish the subjective component, 'the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care.'" *Id.* at 248 (quoting *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005)). "In examining proof of the subjective component, courts focus on the defendant's state of mind, examining whether the defendant knew about the peril caused by

his conduct but acted in a way that demonstrates he did not care about the consequences to others." *Reeder v. Wood Cnty. Energy, LLC*, 395 S.W.3d 789, 796 (Tex. 2012) (first citing *Diamond Shamrock*, 168 S.W.3d at 173; and then citing *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004)).

    a.  **COTC**

Specifically regarding COTC, Defendants argue that "COTC had no reason . . . to believe there was impending risk of harm to another party or that entrusting a commercial vehicle to Whittaker would ultimately lead to any harm" (Dkt. #17 at p. 10). Defendants also assert "there is no evidence that COTC's conduct involved an 'extreme degree of risk, considering the probability and magnitude of harm to others'" (Dkt. #17 at p. 11). According to Defendants, because Aikens "failed to present any evidence for essential elements of its claim that Whittaker committed any acts of gross negligence[,]" such actions cannot be imputed upon COTC through *respondeat superior* (Dkt. #17 at p. 11).

Aikens' argument against summary judgment is twofold: (1) the subjective element of a gross negligence claim is best left to the factfinder and (2) "[a]mple evidence exists to prove the first, objective element of gross negligence" (Dkt. #22 at p. 12). Aikens cites COTC's lack of discipline to support the objective element of his gross negligence claim: "Whittaker's repeated violations were not taken seriously by [] COTC . . . [i]nstead, COTC allowed [Whittaker] to continue to drive for the company, placing other drivers like [Aikens] at an extreme degree of risk when considering the magnitude of harm that could be (and was) caused by a large semi-truck" (Dkt. #22 at p. 12). Regarding the subjective element of gross negligence, Aikens contends that "COTC knew of the subject[ive] risk of allowing an incompetent and reckless driver to drive its 18-wheelers on the road . . . yet COTC failed to reprimand, suspend, or provide any substantive

training to Whittaker before allowing him to drive COTC's 18-wheeler on the road and ultimately crashing his trailer into [Aikens'] truck" (Dkt. #22 at p. 14).

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden of demonstrating that there is no genuine issue of material fact as to Aikens' gross negligence claim against COTC.

### b. Whittaker

Defendants advance similar arguments as to why Aikens' gross negligence claims against Whittaker fail. Specifically, Defendants contend that "[t]here is no evidence to show that any of Defendant [Whittaker's] conduct involved 'an extreme degree of risk, considering the probability and magnitude of harm to others'" because "[t]he activity underlying the incident in question, driving a commercial truck on the highway, does not inherently present a likelihood of serious injury[,] and [Aikens] has no evidence to the contrary" (Dkt. #17 at p. 10). Defendants assert that "[Aikens] fails to present any evidence that Whittaker had any subjective knowledge that his actions created an extreme risk of harm to [Aikens] or that same would cause serious injury to [Aikens]" (Dkt. #17 at p. 10).

Aikens directs the Court to Whittaker's admission "on camera that he was making a U-Turn and knew it violated company policy" (Dkt. #22 at p. 12). Aikens further argues that "Whittaker blatantly disregarded important safety rules and detested rules that were designed to protect the public, like requiring inward-facing cameras that prevented him from texting at the wheel" (Dkt. #22 at p. 12). Specifically regarding the subjective element of gross negligence, Aikens claims "Whittaker himself testified that he was aware of the risks associated with his 18-wheeler exiting his lane of travel into another motorist[']s] lane while driving along a curve in the road" (Dkt. #22 at p. 14).

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden of demonstrating that there is no genuine issue of material fact as to Aikens' gross negligence claim against Whittaker.

## CONCLUSION

It is therefore **ORDERED** that Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Motion for Partial Summary Judgment (Dkt. #17) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 16th day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE