IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| James Aikens, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | | CIV. A. NO. 4:20-cv-00567 |
| § | | JURY REQUESTED |
| Central Oregon Truck Company, Inc. § | | |
| Dba Central Oregon Truck Company and § | | |
| Steed Nelson Whittaker, § | | |
|    *Defendants*. § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN *LIMINE*** 

Plaintiff files his response in opposition to Defendants Central Oregon Truck Company, Inc. ("COTC") and Steed Nelson Whittaker's (collectively "Defendants") Motion in *Limine* for the following reasons:

### I.  Defendants' Exhibit A Item 1

Defendants seek to limit Plaintiff from making reference to Plaintiff's litigation-related expenses. Plaintiff opposes this *limine* as the jury is allowed to hear statements relating to damages. Fed. R. Evid. 401.

### II.  Defendants' Exhibit A Item 2

Plaintiff opposes this *limine*. Defendants seek to limit testimony relating to Plaintiff's medical conditions to those opinions offered by qualified experts. However, Plaintiff is allowed to testify as to his medical conditions that occurred as a result of the collision made the basis of this suit. There is no authority supporting the notion that Plaintiff is not able to testify as to his or her own injuries and what he or she believes caused them. In fact, the Texas

Supreme Court has held in personal injury cases expert testimony about medical records and medical causation is not required. *See Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007); *See also Nguyen v. Lijun Zhang*, No. 01-12-01162-CV, 2014 WL 4112927, at *7 (Tex. App. Houston [14th] Aug. 21, 2014) (holding jury can hear evidence from medical records without expert testimony to determine if there is a causal link between the accident and injury and to weigh the general credibility of the injuries).

### III. Defendants' Exhibit A Item 3

Defendants seek to prohibit lay witnesses from testifying about Plaintiffs' injuries, medical condition, or economic loss and claim that these topics require specialized knowledge. As an initial matter, Defendants point to no specific statement or piece of evidence to exclude pursuant to this motion in *limine*, so the Court cannot properly examine whether any such statement within the scope of Federal Rule of Evidence 701. As a result, the Court should decline to exclude any unidentified statements on 701 grounds.

More importantly, however, is that Defendants' motion is contrary to settled Rules of Evidence. A lay witness can give his or her opinion on matters that are rationally based on his or her perception. FED. R. EVID. 701. These include the witness's opinions on medical conditions that he or she has observed. *See Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004) (upholding the district court's denial of a motion in limine to exclude lay testimony about loss of future earning capacity) ("[L]ay testimony simply serves to complement and corroborate medical evidence.") (citation omitted).

Further, Plaintiff can clearly present witnesses with knowledge of his medical care and treatment as it is ongoing. The discovery deadline in this case does not preclude Plaintiff from continuing his medical treatment, and all treatment related to the claims made the basis of this suit is relevant and admissible. Plaintiff can also discuss facts elicited from witnesses at trial, including but not limited to her treating physicians.

## IV. Defendants' Exhibit A Item 4

Plaintiff opposes this *limine* as property damage to Plaintiff's vehicle has probative value as to the severity of the collision and extent of personal injury. *See Bishop v. Dale Jessup, Inc.*, No. 4:05CV397 JCH, 2006 WL 571979, at *2 (E.D. Mo. Mar. 8, 2006) (held "Evidence of property damage is probative of the extent of personal injury, and it is not even outweighed, let alone substantially outweighed, by any danger of unfair prejudice.")

## V. Defendants' Exhibit A Item 5

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff's medical expenses are obviously admissible evidence. "Full value" of Plaintiff's medical expenses is also admissible if the expenses are recoverable. Further, evidence of medical expenses is relevant and admissible for other purposes such as showing the jury the severity and extent of Plaintiff's injuries and providing foundation for a life care plan. Plaintiff also objects to this motion in *limine* to the extent it is asking Plaintiff to do something other than follow the law. Plaintiff will follow the law. To that end, the law permits and requires presentation of amounts "paid or incurred," and has no mention of "full value" as Defendants state. Tex. Civ. Prac. & Rem. Code § 41.0105

## VI.     Defendants' Exhibit A Items 6

Defendants seek to limit Plaintiff from offering evidence relating to Defendant Driver's past citation history and payments to such citations.  At the outset, Defendants cite zero rules or cases to support their motion.  On the other hand, there are mountainous cases where evidence on employee driver's driving record and history lays foundation for the plaintiff's claims.  *See e.g.*, *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595 (Tex. 1987) (employee driver's past driving records including speeding tickets were considered for determining driver competence and recklessness); *Wright v. Weaver*, 516 F. App'x 306 (5th Cir. 2013) (Driver's driving record was considered by the Court when deciding negligence entrustment claims).  Plaintiff has live negligent-entrustment, supervision, training, hiring, retention, and punitive-damages (gross negligent) claims against Defendants, and the jury is entitled to hear evidence relating to Defendants' past driving record when deciding Plaintiff's claims.  The Court should deny Defendants' motion.

## VII.     Defendants' Exhibit A Item 7

Defendants seek to limit Plaintiff from offering evidence relating to Defendant Driver's citation history and payments to such citations subsequent to the incident underlying the present case.  Plaintiff opposes this limitation as Plaintiff has pending negligent entrustment and punitive damages claims against Defendants.  Because of these claims, the jury is allowed to hear evidence relating to Defendants' subsequent driving records as they are probative to Defendants' failures to rectify, and actual and subjective awareness of the risk and consciously disregarded such risk.

## VIII.   Defendants' Exhibit A Items 8-11

Defendants seek to limit Plaintiff from offering evidence relating to Defendant Driver's driving record, including violation history and evidence of discussing the practice of texting while driving and Defendant Driver's desire to not get caught doing that.  Plaintiff refers the Court to Plaintiff's objections to Defendants' Items 6 and 7.  The Court should reject Defendants' attempts to preclude Plaintiff from introducing evidence on Defendant Driver's driving record and history in a vehicle-collision case.  Plaintiff has pending negligent-entrustment and punitive-damages (gross negligence) claims against Defendants.  Defendant driver's driving record, incident history, driving habits are relevant to Defendant driver's competence and recklessness, as well as to Defendant COTC's awareness of Defendant driver's incompetence and recklessness.  Because of these claims, the jury is allowed to hear evidence relating to Defendants' driving records as they are probative to Defendants' failures to rectify, and actual and subjective awareness of the risk and conscious disregard of same.

## IX.   Defendants' Exhibit A Item 13

Plaintiff agrees to this *limine* to the extent that Defendants are also precluded from making reference, argument or otherwise indicating that Plaintiff has insurance, or has insurance available to him for the accident made the basis of this suit.  Defendants should also be precluded from using any pleading, testimony, remarks, questions or arguments which might inform the jury of facts involving insurance, adjusters, claims handlers, and insurance carriers. Defendants should further be precluded from attempting to admit or show the jury insurance claims forms or attachment thereto, as the documents suggest the availability of insurance. Put more simply, Plaintiff agrees to the extent this request goes both ways.

### X.     Defendants' Exhibit A Item 14

Plaintiff objects to this *limine* to the extent it seeks to prevent Plaintiff from questioning the jury panel during *voir dire* based on instructions that will be given by the Court before deliberations.  Eliciting opinions potential biases based on the burden of proof and basic legal definitions is necessary to conduct a competent *voir dire*.

### XI.    Defendants' Exhibit A Item 15

Plaintiff objects to this *limine* to the extent it seeks to prevent Plaintiff from questioning the jury panel during *voir dire* based on instructions that will be given by the Court before deliberations.  Eliciting opinions on potential biases based on the burden of proof and basic legal definitions is necessary to conduct a competent *voir dire*.

### XII.   Defendants' Exhibit A Item 18

Defendants seek to limit Plaintiff from making reference to Defendants' income assets, gross sales, profits, and other items directly relevant to Defendants' net worth.  Plaintiff opposes this limitation as Plaintiff has pending gross-negligence claims against Defendants.  Because of these claims, the jury is entitled to consider the size and worth of Defendants and their companies.  *See* Fed. R. Evid. 401.

### XIII.  Defendants' Exhibit A Item 19

Plaintiff objects to this motion in *limine* as it is impermissibly vague and overly broad. Defendants seek to limit reference to Defendants' financial status.  Plaintiff opposes this *limine* as Plaintiff has pending gross-negligence claims against Defendants.  Because of these claims,

the jury is entitled to consider the size and worth of Defendants and their companies. *See* Fed. R. Evid. 401.

### XIV. Defendants' Exhibit A Item 20

Plaintiff opposes this *limine*. Defendants' Item 20 is repetitive to their Item 1. Plaintiff opposes this limitation for the same reasons as Plaintiff's objection to Defendants' Item 1. The jury is allowed to hear statements relating to damages. Fed. R. Evid. 401.

### XV. Defendants' Exhibit A Item 22

Plaintiff objects to this motion in *limine* as it is impermissibly vague and overly broad. Plaintiff intends to follow the law and rule of evidence regarding hearsay evidence, unlike Defendants' vague definition. Further, Plaintiff objects to this *limine* to the extent it attempts to prevent Plaintiff from introducing admissible hearsay testimony or argument at trial. Additionally, Plaintiff's experts are entitled to rely on hearsay. Such an exclusion of testimony or argument is without legal basis.

### XVI. Defendants' Exhibit A Item 23

Plaintiff objects to this motion in *limine* as it is vague and overly broad. Defendants' *limine* reads as though it intends to limit Plaintiff's ability to supply admissible evidence and/or witnesses. This is not a proper motion in *limine*, and Plaintiff requests it be denied.

### XVII. Defendants' Exhibit A Item 24

Plaintiff objects to this motion in *limine* as it is vague and overly broad. Plaintiff intends to follow the law and rule of evidence regarding unavailable declarants, including Federal Rule of Evidence 804.

### XVIII. Defendants' Exhibit A Item 25

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff should be permitted to question witnesses as appropriate, including asking them to produce files, documents, photograph, or other tangible items, whether those are in Defendants' counsel's files or not. There is no legal basis to request exclusion of these types of questions in front of the jury. Plaintiff's counsel does not intend to request for any files or documents protected by attorney-client privilege, in front of the jury or not.

### XIX. Defendants' Exhibit A Item 26

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff should be permitted to question witnesses as appropriate, including asking them to stipulate to information on the stand. There is no legal basis to request exclusion of these types of questions in front of the jury.

### XX. Defendants' Exhibit A Item 27

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Defendants' basis for this *limine*: Federal Rule of Evidence **503** is a proposed rule, not enacted. Further, the evidence rules allow the Court to admit the type of evidence that Defendants trying to limit for other purposes, such as bias or prejudice of a witness.

### XXI. Defendants' Exhibit A Item 29

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Defendants seek to limit admissible evidence regarding the accident. Plaintiff is allowed to discuss relevant accident investigations. Such investigations and evidence are directly related to Plaintiff's claims.

### XXII. Defendants' Exhibit A Item 30

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad.

### XXIII. Defendants' Exhibit A Item 31

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff is entitled to question witnesses regarding whether Defendants violated any statutes and/or regulations. In fact, Plaintiff has pled causes of action under negligence per se, which would require introduction of such evidence at trial. Because of these claims, the jury is entitled to hear evidence relating to Defendants' violation of statutes and/or regulations.

### XXIV. Defendants' Exhibit A Item 32

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff opposes this limitation as Plaintiff has live negligent-entrustment and punitive-damages claims against Defendants. Because of these claims, the jury is allowed to hear evidence relating to Defendants' involvement in similar suits or claims in the past as they are probative to Defendants' failures to rectify, and actual and subjective awareness of the risk and consciously disregarded such risk.

### XXV.  Defendants' Exhibit A Item 33

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad.  Plaintiff opposes this limitation as Plaintiff has live negligent-entrustment and punitive-damages claims against Defendants.  Because of these claims, the jury is allowed to hear evidence relating to Defendants' involvement in similar suits or claims since the incident underlying the present suit in deciding Plaintiff's negligent-entrustment and punitive-damages claims.

### XXVI. Defendants' Exhibit A Item 34

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad.  Plaintiff opposes this limitation as Plaintiff has live negligent-entrustment and punitive-damages claims against Defendants.  Because of these claims, the jury is allowed to hear evidence relating to Defendants' involvement in similar suits or claims in the past as they are probative to Defendants' failures to rectify, had actual and subjective awareness of the risk, and consciously disregarded same.

### XXVII.      Defendants' Exhibit A Item 35

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad.  Plaintiff refers the Court to Plaintiff's response to Defendants' Item 2.  Additionally, there are witnesses qualified as non-retained experts who have not been excluded from offering their opinions.

### XXVIII.     Defendants' Exhibit A Item 36

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad.  Plaintiff's medical treatment is ongoing.  Plaintiff intends to follow the Federal Rule of Civil Procedure

governing document production, such as Fed. R. Civ. P. 34. Properly produced medical records are admissible.

### XXIX. Defendants' Exhibit A Item 37

Plaintiff opposes this *limine* as it is impermissibly overbroad. Defendants seek to preclude Plaintiff from making reference to any criminal charges or convictions against any witness called by Defendants. Defendants are asking the Court to not follow the Federal Rules of Evidence. Among several other permissible uses, certain criminal convictions of a non-party witness must be admitted. *See* Fed. R. Evid. 609(a)(1). The Court must deny Defendants' overtly improper motion in *limine*.

### XXX. Defendants' Exhibit A Item 38

Plaintiff opposes this *limine* as it is impermissibly overbroad. Defendants seek to preclude Plaintiff from making reference to Defendants' violation of Defendant COTC's policies and procedures. Defendants' assertion that such evidence constitutes hearsay is erroneous. Defendants' violations of its own policies and procedures demonstrate Defendants' negligence and gross negligence. The jury is entitled to hear evidence in those regards. Relevant evidence regarding Defendants' violations is admissible and will be presented in accordance with the rules of evidence. The Court must deny Defendants' overtly improper motion in *limine*.

### XXXI. Defendants' Exhibit A Item 39

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Plaintiff's medical expenses are obviously admissible evidence. Plaintiff's "paid or incurred" medical

expenses are recoverable, and thus evidence relating to Plaintiff's "paid or incurred" medical expenses are admissible.  Tex. Civ. Prac. & Rem. Code § 41.0105.  Further, Plaintiff refers the Court to Plaintiff's response to Defendants' Item 5.

### XXXII. Defendants' Exhibit A Item 40

Plaintiff does not intend to (and will not) introduce evidence of subsequent remedial measures (including punishment, retraining, or lack thereof) for purposes forbidden by the Federal Rules of Evidence.  He will follow Rule 407 in exclusively introducing evidence of punishment, retraining, or lack thereof to prove control and the feasibility of precautionary measures by Defendant Central Oregon Truck Company.  *See* Fed. R. Civ. P. 407.

### XXXIII. Defendants' Item 41

Defendants seek to limit Plaintiff from offering evidence relating to Defendant Driver's competence as a driver for Defendant COTC.  Driver competence is the very core of any negligent-entrustment, negligent-training, negligent-hiring, and negligent-supervision claims.  *See e.g.*, *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595 (Tex. 1987) (employee driver's past driving records including speeding tickets were considered for determining driver competence and recklessness); *Wright v. Weaver*, 516 F. App'x 306 (5th Cir. 2013) (Driver's driving record was considered by the Court when deciding negligence entrustment claims).  Plaintiff opposes this limitation as Plaintiff has live negligent-entrustment and punitive-damage claims against Defendants.  Because of these claims, the jury is allowed to hear evidence relating to Defendant Driver's competence as a driver for Defendant COTC.  *See* Fed. R. Evid. 401.

### XXXIV. Defendants' Exhibit A Item 42

Plaintiff objects to this *limine* as it is overly broad. Defendants improperly seek to limit admissible evidence such as police report and the testimony of the investigating officers. Police officers who responded to and investigated the collision are qualified non-retained experts. *See* Fed. R. Evid. 702. The investigating officers should be permitted to testify on their opinions as to the cause of the accident made the basis of this suit. Defendants are allowed to question the investigating officers regarding their qualifications on *voir dire* if Defendants choose.

### XXXV. Defendants' Exhibit A Item 43

Defendants seek to limit Plaintiff from making reference that the jury can "send a message" or similar phrase to Defendants through its deliberation. Plaintiff opposes this limitation as Plaintiff has pending gross negligence claims against Defendants. Because of these claims, the jury is allowed to hear statements relating to punitive damages, and punishing the Defendants for their conduct. *See Vineyard v. Cty. of Murray, Ga.*, 990 F.2d 1207, 1214 (11th Cir. 1993) (Court found no demonstrated error in district court's ruling allowing plaintiff's counsel requesting the jury send a message to the defendants in awarding damages.); *see also Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 342–43 (Tex. 1998) (plea for high damages award to "send a message" was not so prejudicial to the actual damages claim as to require a reversal because of evidence existing on the issue of liability).

## XXXVI.     Defendants' Exhibit A Item 44

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Defendants seek to limit Plaintiff from making reference or comment that Defendants should prioritize safety. Plaintiff opposes this limitation as the present suit arises from a commercial vehicle collision on public road caused by Defendant Driver. Public road safety is directly connected to Plaintiff's claims against Defendants. Because of these claims, the jury is allowed to hear evidence relating to safety and the Defendants' conduct (and Defendants' views on safety). *See* Fed. R. Evid. 401.

The Court should reject Defendants' attempts to preclude Plaintiff from talking about safety <u>in a negligence trial</u>, where safety is at the heart of every negligence case. For example, Texas Appellate Court held that the employer owes a duty to the general public to ascertain the qualifications and competence of the employees, "especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the **safety** of others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.) (emphasis added). Defendants' arguments are made without reference to any legal precedent. At the outset, while Defendants rely on Rule of Evidence 401 and 403, they puzzlingly do not ask this Court to exclude any specific piece of evidence. Instead, they ask the Court to broadly limit Plaintiff's terminology and ability to use persuasive language. As evidenced throughout Plaintiff's Objections, this kind of blanket prohibition has been rejected by Texas and federal courts. Defendants simply cannot remove safety considerations from the jury's responsibility of weighing Defendants' liability.

## XXXVII. Defendants' Exhibit A Item 45

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Defendants' boilerplate motion has nothing to do with evidence, but instead asks the Court to prevent Plaintiff from making arguments and using phrases that Defendants dislike about the jury's role and basic principles of tort law.[1] The idea that a jury is the conscience of the community is a pillar of the justice system. The United States Supreme Court has explicitly proclaimed that "the jury serves as the voice of the community." *Spaziano v. Florida*, 468 U.S. 447, 461 (1984), overruled on other grounds by *Hurst v. Florida*, 577 U.S. 92 (2016). It hails the jury as "[t]welve men of the average of the community" that "sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion." *R.R. Co. v. Stout,* 84 U.S. 657 (1873) (affirming a judgment finding a railroad negligent in its maintenance of a turntable, which injured a child, reposed its trust in the jury to determine what safety it expects from the companies operating in the community).

Plaintiffs' Counsel is aware of the so called "Golden Rule." Improper "Golden Rule" arguments are those asking the jury to put themselves in the position of the plaintiff to determine the amount of damages. *See Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976). Importantly, "Golden Rule arguments are permissible on the ultimate question of liability." *Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017). Golden Rule arguments directed at the reasonableness of the defendant's actions are also permissible. *See Burrage,*

---

[1] Such a ruling would prevent, or at least hamstring, plaintiff's counsel's efforts to engage in effective advocacy or argument. "The very spirit of trial by jury," after all, "is that the experience, practical knowledge of affairs, and common sense of jurors, may be appealed to, to mediate the inconsistencies of the evidence, and reconcile the extravagances of opposing theories of the parties." *Standard Oil Co. v. Van Etten,* 107 U.S. 325, 334 (1882).

15

*537 F.2d* at 839. Plaintiffs have no intention of violating the prohibition related to the "golden rule." Plaintiffs' Counsel has not violated the golden rule and Defendants have offered no evidence that Plaintiffs' Counsel plans to violate the golden rule. The Court should deny Defendants' *limine* item 45.

### XXXVIII. Defendants' Exhibit A Item 46

Plaintiff opposes this *limine* as it is impermissibly vague and overbroad. Defendants seek to limit Plaintiff from making statements that Defendants has "refused to accept responsibility." Plaintiff opposes this limitation as Plaintiff has pending gross negligence claims against Defendants. Because of these claims, the jury is allowed to hear statements relating to punitive damages, and punishing the Defendants for their conduct.

Texas and federal courts routinely consider whether a defendant takes responsibility for their or their employees' conduct. In *Wansey v. Hole*, 379 S.W.3d 334 (Tex. App.—Corpus Christi 2011), the Court states that "[plaintiff] produced evidence that [defendant] had repeatedly **refused to take responsibility** for the behavior of his instructors." *Id.* at 340 (emphasis added). The Seventh Circuit states that "business . . . has to **take responsibility** for the actions of its agents." *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003) (emphasis added).

### CONCLUSION

A motion in *limine* should seek to exclude evidence not argument. BLACK'S LAW DICTIONARY (11th ed. 2019) (defining motion in *limine* as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"); *Greenberg Traurig of New York,*

*P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (defining motion in *limine* as "a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make."); *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984) (defining "motion in *limine"* in "a broad sense" as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered").

Defendants' boilerplate motion objects to no item of potential evidence, and instead lists potential arguments and phrases that they wish to preclude, with barely anything specific to the present case. This Court and other courts across the Country have rejected identical attempts to use the motion *in limine* as Defendants have done here. *See, e.g.*, *Baxter v. Anderson*, 277 F. Supp. 3d 860, 861 (M.D. La. 2017) (denying motion in limine to exclude reptile theory testimony, argument, exhibits, or other evidence); *Hebert v. Prime Ins. Co.*, No. 2:18-CV-00899, 2020 WL 1865952, at *4 (W.D. La. Apr. 13, 2020) (denying motions *in limine* that attempted to bar invoking the "reptile theory" at trial); *Ormand v. Louisiana Medical Mut. Ins. Co.*, No. 2013-0001878, 2019 WL 8227016, at *1 (La. Dist. Ct. Aug. 19, 2019) (same); *Miller v. Blanco-Cuevas*, 2017 WL 1215543 (Nev. Dist. Ct. Jan. 19, 2017) ("The Court . . . finds that references to patient safety and safety rules is proper and . . . relates directly to defining and communicating the applicable standard of care."); *Chesnut v. Oak Place Pharmacy, Inc.*, 2016 WL 8465628 at *1 (Miss. Cir. Sept. 7, 2016) ("Attorneys have wide latitude as it relates to trial strategy and the presentation of the case. . . . No party may control the words used by another party"); *Bubonic v. Howe*, 2016 WL 8652659 at *1 (Cal. Super. Sept. 13, 2016) (denying motion *in limine* that attempted to bar "reptile theory" trial tactics); *Scheirman v. Picerno*, 2015 WL 4993845 at *2 (Colo. Dist. Ct. Apr. 16, 2015) ("A general

rule prohibiting Plaintiff from referring to rules or standards is not workable in that it could preclude Plaintiff from arguing at all about the standard of care and is denied."); *Calanni v. Cleveland Clinic Found.*, 2015 WL 13124511 at *1 (Ohio Com. Pl. Nov. 6, 2015), *Hutson v. Rooney*, 2015 WL 3455867 at *8 (Wash. Super. Apr. 14, 2015) ("The Court declines the invitation to assess Plaintiff's overall strategy in this case . . . . [T]he Court will not attempt to make in limine rulings regarding particular language Defendants fear Plaintiffs might use."); *Nw. Upton v. Nw. Arkansas Hosps.*, LLC, 2012 WL 12055084 (Ark. Cir. Mar. 8, 2012) at *1 ("[T]o exclude a group of strategies contained in any one book would be to impose an unnecessary restraint on the practice of law, and [this court] declines to do so.").

In particular, "Federal courts have hissed at motions based on" the so-called "reptilian theory." *Aidini v. Costco Wholesale Corp.,* 2017 WL 10775082, at *1, *1 n.3 (D. Nev. Apr. 12, 2017) (collecting cases denying such motions because they have not "identified the specific evidence that is sought to be excluded," are "too hypothetical," and are "overbroad"); *see Baxter v. Anderson*, 277 F. Supp. 3d 860, 861 (M.D. La. 2017) (denying motion *in limine* seeking to exclude "'Reptile Theory' Testimony, Argument, Exhibits or Other Evidence"); *Gannon v. Menard, Inc.*, 118CV00251JMSMJD, 2019 WL 7584294, at *5 (S.D. Ind. Aug. 26, 2019) (denying motion *in limine* on "reptile theory argument or evidence"); *Manion v. Ameri-Can Freight Sys. Inc.*, CV-17-03262-PHX-DWL, 2019 WL 3718951, at *6 (D. Ariz. Aug. 7, 2019) (same, because the request was "too broad and hypothetical to provide the springboard for any sort of meaningful pretrial ruling by the Court."); *Dorman v. Anne Arundel Med. Ctr.,* at *6 (D. Md. May 30, 2018) (rejecting motion because it "presents vague challenges to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce" and "especially because counsel's arguments to the jury are permitted a significant degree of

18

latitude"), *aff'd sub nom. Dorman v. Annapolis OB-GYN Assocs., P.A.,* 2019 WL 2539261 (4th Cir. June 20, 2019); *Gillis v. Murphy-Brown, LLC,* 2018 WL 5926605, at *3 (E.D.N.C. Nov. 13, 2018) (noting that defense anti-Reptile motion "does not set the sort of tone appropriate for attorneys practicing before this court"); *Walden v. Maryland Cas. Co.*, CV 13-222-M-DLC, 2018 WL 6445549, at *3 (D. Mont. Dec. 10, 2018) (denying motion *in limine* on "the so-called reptile theory" and refusing to "categorically prohibit a form of trial strategy[.]"); *Bunch v. Pac. Cycle, Inc.*, 4:13-CV-0036-HLM, 2015 WL 11622952, at *2 (N.D. Ga. Apr. 27, 2015) (denying motion *in limine* "to preclude Plaintiffs from engaging in the 'Reptile' tactics" because such a request is "unnecessary and overly broad.").

Indeed, in rejecting such motions, courts have noted the strategic interests at play: "[w]hether a question or line of inquiry is designed to utilize 'Reptile Theory' is a subjective inquiry, and an order categorically denying the use of this strategy would effectively give [the defendant] license to object or refuse to answer questions that might otherwise be relevant to Plaintiff's case." *Beach v. Costco Wholesale Corp.,* 2019 WL 1495296, at *4 (W.D. Va. Apr. 4, 2019).

Defendants' motion should be rejected in its entirety on these grounds alone. It does not seek to preclude any piece of potential evidence. Rather, it constitutes an improper attempt to preclude entire trial strategies, techniques, and arguments which should only be governed by the Federal Rules of Evidence and the Texas Rules of Professional Responsibility.

Plaintiff James Aikens prays that this Court deny the above items in Defendants Motions in *Limine* objected to by Plaintiff, and for such other and further relief, at law or in equity, to which he may be justly entitled.

19

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Michael R. Darling*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
Texas Bar No. 24050808
Michael R. Darling
Texas Bar No. 24105778
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jaiteam@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
mdarling@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2021, a true and correct copy of this motion was served on all counsel of record by uploading the same to the Court's CM/ECF System.

*/s/ Michael R. Darling*
Michael R. Darling