# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAMES AIKENS,  §<br>§<br>*Plaintiff*,  §<br>§<br>v.  §<br>§<br>CENTRAL OREGON TRUCK COMPANY,  §<br>INC. d/b/a CENTRAL OREGON TRUCK  §<br>COMPANY and STEED NELSON  §<br>WHITTAKER,  §<br>§<br>*Defendants*.  § | CIVIL ACTION NO. 4:20-CV-00567<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Motion to Bifurcate (Dkt. #54). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED.**

### BACKGROUND

This case arises out of a motor vehicle collision that occurred on June 12, 2020, in Howe, Texas. James Aikens ("Aikens") was traveling in the left lane of the interstate when his vehicle was hit by a Central Oregon Truck Company, Inc. ("COTC") trailer driven by Steed Nelson Whittaker ("Whittaker"). At the time of the collision, Whittaker was employed by COTC.

On June 26, 2020, Aikens brought suit against both COTC and Whittaker (collectively, "Defendants"), alleging that he sustained severe injuries to his head, neck, back, elbow, and other parts of his body as a result of the collision. Aikens asserts that he is "entitled to punitive damages because the [] actions of Defendants were grossly negligent" (Dkt. #5 at p. 4).

On September 16, 2021, the Court denied Defendants' Motion for Partial Summary Judgment on the issues of gross negligence and negligent entrustment (Dkt. #48). Later that same day, Defendants filed the present motion to bifurcate the amount of punitive damages from a trial on liability (Dkt. #54).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." However, bifurcation "is not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citations omitted). The decision to bifurcate a trial is primarily procedural in nature and, therefore, federal procedural law controls. *Rosales v. Honda Moto Co.*, 726 F.2d 259, 260 (5th Cir. 1984). The party seeking bifurcation of a trial bears the burden of proving that bifurcation is necessary. *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 662 (W.D. Tex. 2013) (quoting *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011)).

A motion to bifurcate is a matter within the sole discretion of the trial court. *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). However, an important limitation on the court's discretion is that the issues to be bifurcated "must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305 (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)). This limitation exists for two reasons. First, the Seventh Amendment guarantee of a trial by jury is "the *general right of a litigant to have only one jury pass on a common issue of fact.*" *Id.* (emphasis in original)

(quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)) (citing *Gasoline Products Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499–500 (1931)). Second, the "rule has an additional, pragmatic basis—if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Id.* (citing *Blue Bird Body Co.*, 573 F.2d at 318).

## ANALYSIS

Citing to Section 41.009 of the Texas Civil Practice and Remedies Code, Defendants argue that "this Court must [] bifurcate the trial of this case" (Dkt. #54 at p. 2). Tex. Civ. Prac. & Rem. Code Ann. § 41.009.

However, the court is not bound by Texas law when deciding whether to conduct a bifurcated trial. *See Rosales v. Honda Motor Co.,* 726 F.2d 259, 261-62 (5th Cir. 1984). While Texas state courts are bound to follow Texas procedural law, in federal court "bifurcation is a case-specific procedural matter within the sole discretion of the district court…a district court is simply not bound by state law when deciding whether to bifurcate." *Nester v. Texatron, Inc.,* 888 F.3d 151, 153 (5th Cir. 2018) (citing *First Tex. Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). Instead, the court's decision on bifurcation is governed by Federal Rule of Civil Procedure 42(b). *Id.*

After reviewing the relevant pleadings and considering the factors set out in Rule 42(b), the Court finds that bifurcation is not warranted here. Bifurcation will not expedite and economize the trial or provide greater convenience for the Court or parties, particularly in light of the Court's busy trial schedule. Bifurcating the issue of punitive damages could extend this trial beyond the anticipated end-date of Friday, October 1, 2021 (Dkt. #29 at p. 12), which may disrupt the Court's schedule as the Court has another jury trial scheduled to begin the following Monday, October 4.

Additionally, substantial overlap exists between the issues of liability, compensatory damages, and exemplary damages, and Defendants have not made a showing of prejudice that would justify bifurcation. Any prejudice can be avoided by the use of a carefully drafted jury charge and instructions.

## CONCLUSION

It is therefore **ORDERED** that Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Motion to Bifurcate (Dkt. #54) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 20th day of September, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE