# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAMES AIKENS, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00567 |
| § | Judge Mazzant |
| CENTRAL OREGON TRUCK COMPANY, § | |
| INC. d/b/a CENTRAL OREGON TRUCK § | |
| COMPANY and STEED NELSON § | |
| WHITTAKER, § | |
|    *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motions in Limine Nos. 32, 34, 38, 43, and 45 (reflected in Dkt. #32 Exhibit A). On September 17, 2021, the Court held a Pretrial Conference in this case. At the hearing, the Court reserved ruling on five requests for limine and informed the Parties that these matters would be taken under advisement. After reviewing the motions and supplemental pleadings, the Court finds that the motions should be **GRANTED in part** and **DENIED in part.**

    I.    **Defendants' Motion in Limine No. 32**

Defendants seek to limit any mention, suggestion, implication, or inquiry regarding Defendants' prior involvement in any lawsuit, settlement or any other type of claim, accusation, charge, or investigation which has in the past been made against Defendants (Dkt. #32 Exhibit A at p. 6). Plaintiff contends that such evidence is relevant to his claim of negligent entrustment as well as his request for punitive damages, and is "probative to Defendants'

failures to rectify, and actual and subjective awareness of the risk and consciously disregarded such risk" (Dkt. #51 at p. 9).

The Court finds this motion should be granted. After hearing argument from the Parties, the Court cannot determine whether evidence regarding other incidents, claims, or lawsuits is admissible when no incidents, claims, or lawsuits have been identified or submitted for the Court's consideration. In the event Plaintiff attempts to elicit such testimony or evidence at trial, Plaintiff must first do so outside the presence of the jury in order to satisfy the Court that a proper foundation exists for admissibility of such evidence.

## II.     Defendants' Motion in Limine No. 34

Defendants seek to limit any reference or inquiry into whether any claims, suits, or violations regarding unsafe conduct have previously been filed against Defendants (Dkt. #32 Exhibit A at p. 7).  Plaintiff opposes this motion, responding that such evidence is relevant to his claim of negligent entrustment as well as his request for punitive damages, and is "probative to Defendants' failures to rectify," and that Defendant "had actual and subjective awareness of the risk, and consciously disregarded [the] same" (Dkt. #51 at p. 9).

The Court finds this motion should be denied. See Court's ruling on Defendants' Motion in Limine No. 38, below. *See also FTS Int'l Servs, LLC v. Patterson,* No. 12-19-00040-cv, 2020 WL 5047913 (Tex. App.—Tyler Aug. 26, 2020) (finding that jury could have reasonably concluded employer was liable for negligent supervision and retention, and gross negligence for continuing to employ driver despite employer's knowledge of driver's past incidents and collisions).

## III.     Defendants' Motion in Limine No. 38

Defendants seek to limit any reference or inquiry that Defendants violated internal

company policies or procedures (Dkt. #32 Exhibit A at p. 7). Plaintiff responds that Defendants' violations of its own policies are relevant to a showing of negligence and gross negligence (Dkt. #51 at p. 11).

The Court finds that this motion should be denied. While evidence that an employee or employer violated internal policies is not, by itself, legally sufficient to establish a claim of negligent entrustment, retention, or supervision, the evidence is still relevant to show a driver's recklessness or an employer's negligence. "In regard to negligent entrustment, drivers have been determined to be reckless when their history of driving habits, traffic violations, or intemperance . . . exhibits a pattern of such deviations from lawful and proper [conduct] . . . that entrustor should reasonably have anticipated that the driver would operate the entrusted vehicle in a wrongful manner." *Pesina v. Hudson,* 132 S.W.3d 133, 137-38 (Tex. App.—Amarillo 2004) (citations omitted); *see also Choctaw Nation of Oklahoma v. Sewell*, No. 05-16-01011-cv, 2018 WL 2410550, at *10 (Tex. App.—Dallas May 29, 2018) (holding that "evidence of [employee driver's] involvement in a prior fatal accident was relevant" to claim of negligent retention) (citations omitted); *Mejia-Rosa v. John Moore Servs, Inc.,* No. 01-17-00955-cv, 2019 WL 3330972 (Tex. App.—Houston [1st Dist.] July 25, 2019) (holding that Plaintiff must still show that [employee driver] was a reckless or incompetent driver as evidence of internal policy violations, *without more*, was not enough to survive summary judgment) (emphasis added); *Fernandez v. Transp. Designs, Inc.,* No. sa-16-ca-022-olg, 2017 WL 3033403, at *3 (W.D. Tex. Apr. 7, 2017) (permitting testimony on company's internal policies in vehicle collision case) (citations omitted).

IV.     **Defendants' Motion in Limine No. 43**

Defendants seek to limit Plaintiff from making any argument or comment that the jury should "send Defendants a message" or otherwise appealing to the jury's emotion, personal interest, or bias in deciding this case (Dkt. #32 Exhibit A at p. 9). In opposing this motion, Plaintiff responds that the jury is allowed to hear statements related to punitive damages and punishing Defendants for their conduct as Plaintiff has brought a claim of gross negligence (Dkt. #51 at p. 13).

The Court finds that this motion should be granted in part, except as applied to argument on punitive damages. *See Brownlee v. United Fidelity Life Ins. Co.,* 117 F.R.D. 383 (S.D. Miss. 1987), judgment aff'd, 854 F.2d 1319 (5th Cir. 1988) (granting motion for new trial because plaintiff's lawyer made multiple improper remarks during closing argument, including asking jury to "send a message" through its verdict to defendant and others in the insurance industry); *but also, Braun v. Clean Harbors Envt'l Servs, Inc.,* No. 1:14-cv-524, 2016 WL 7551201, at *4 (E.D. Tex. May 6, 2016) (in ruling on motion in limine, noting that "when discussing a compensation for [Plaintiff] with respect to exemplary damages [] [Plaintiff's counsel] may refer to justice or that a verdict would 'send a message'"); *Smith v. Wade,* 461 U.S. 30, 54 (1983) (stating that the purpose of punitive damages award is "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future") (citations omitted).

V.      **Defendants' Motion in Limine No. 45**

Defendants seek to limit Plaintiff from making any argument or comment intended to appeal to the jury as the 'conscience of the community' or similar 'Golden Rule' arguments (Dkt. #32 Exhibit A at p. 9). Plaintiff contends that this Circuit permits 'Golden Rule' type

4

arguments on the ultimate question of liability (Dkt. #51 at pp. 15-16).

The Court finds this motion should be granted in part, but only insofar as Plaintiff is prohibited from using 'Golden Rule' arguments as they pertain to damages. The 'Golden Rule' argument objection "applies only to issues of damages and not liability." *West v. Perry*, No. 2:07cv200, 2009 WL 2225569, at *3 (E.D. Tex. July 23, 2009) (citing *Stokes v. Decambre*, 710 F.2d 1120, 1228 (5th Cir. 1983) ("The use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability")).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion in Limine No. 32 is **GRANTED.**

It is further **ORDERED** that Defendants' Motion in Limine Nos. 34 and 38 are hereby **DENIED**.

It is further **ORDERED** that Defendants' Motion in Limine Nos. 43 and 45 are hereby **GRANTED in part**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of September, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE