# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JAMES AIKENS, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>CENTRAL OREGON TRUCK COMPANY, §<br>INC. d/b/a CENTRAL OREGON TRUCK §<br>COMPANY and STEED NELSON §<br>WHITTAKER, §<br>§<br>*Defendants*. § | Civil Action No. 4:20-cv-00567<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Objection and Motion to Strike Plaintiff's Untimely Medical and Billing Records and Affidavits, Document Production, and Expert Reports, and Alternative Motion to Continue and Reopen Discovery (Dkt. #55). Having considered the Motion and all matters properly before the Court, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This Motion concerns Plaintiff's reliance on expert reports, medical records, and related documents that Defendants allege were improperly or untimely disclosed.

On September 23, 2020, the Court issued an initial Scheduling Order setting the deadline for Plaintiff's disclosure of expert testimony as December 4, 2020, and the completion of discovery by March 12, 2021 (Dkt. #9). On November 11, 2020, the Court granted an agreed motion to extend Plaintiff's disclosure of expert testimony to February 2, 2021, and for the completion of

discovery to May 11, 2021 (Dkt. #11). On February 26, 2021, the Court granted Defendants' emergency motion to extend the discovery deadline to July 12, 2021 (Dkt. #16).

On February 2, 2021, Plaintiff timely designated Dr. Todd Cowen ("Dr. Cowen") and Dr. William Davenport ("Dr. Davenport") as his retained experts and produced their initial reports (Dkt. #15 at p. 3; Dkt. #63 at p. 3). The initial report of Dr. Cowen was dated April 30, 2021, and the initial report of Dr. Davenport was dated May 4, 2021 (Dkt. #55 at p. 4). On May 17, 2021, Dr. Cowen was deposed (Dkt. #63 at p. 1).

On August 18, 2021, after the close of discovery, Plaintiff produced medical records from Texas Brain Center dated June 24, 2021 (Dkt. #55 at pp. 3, 5). On September 3, 2021, Plaintiff produced a secondary report from Dr. Cowen dated June 10, 2021, and a secondary report from Dr. Davenport dated June 11, 2021 (Dkt. #55 at p. 4). On September 4, 2021, Plaintiff produced additional medical records from Texas Brain Center, and from Town & Country Crossing Orthopedics (Dkt. #55 at p. 5).

On September 16, 2021, Defendants filed this Motion (Dkt. #55). On September 20, 2021, Plaintiff filed a response (Dkt. #63).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a) requires parties to make certain initial disclosures "within 14 days after the parties' Rule 26(f) conference" or as otherwise set by court order. Fed. R. Civ. P. 26(a)(1)(C). A party who makes an initial disclosure under Rule 26(a) is further required "to supplement or correct its discovery responses 'in a timely manner' upon learning that they are incomplete or incorrect." *Six Dimensions, Inc. v. Perficient,* No. h-17-2680, 2019 WL 12338327, at *1 (S.D. Tex. Apr. 25, 2019) (quoting Fed. R. Civ. P. 26(e)(1)).

2

Additional requirements are imposed "for an expert whose report must be disclosed under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(e)(2). Federal Rule of Civil Procedure 26(e)(2) requires that a party must disclose supplemental expert reports by the time pretrial disclosures are due, which is generally at least 30 days before trial. *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3)(B); *Jacobs v. Tapscott*, No. 4:04-cv-1968-d, 2006 WL 2728827, at *10-11 (N.D. Tex. Sept. 25, 2006). This "30-day limit [for supplemental expert disclosures] is a default subject to amendment by court order." *Kumar v. Frisco Indep. Sch. Dist.*, No. 4:19-cv-00284, 2020 WL 4464502, at *14 (E.D. Tex. Aug. 4, 2020).

An untimely disclosure may be excluded "unless the failure was substantially justified or is harmless." *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-cv-01470-jrg-rsp, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (citing Fed. R. Civ. P. 37(c)(1)). If an expert disclosure is untimely, the Court maintains broad discretion to exclude the expert report as a means of enforcing a pretrial order. *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979); *see* Fed. R. Civ. P. 37(b)(2).

In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Whether a Rule 26(a) or (e) failure was substantially justified or harmless is subject to the district court's sound discretion. *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004).

**ANALYSIS**

Defendants filed this Motion under Federal Rule of Civil Procedure 26 because "[a]fter the close of discovery and after the passing of expert designation deadlines, Plaintiff disclosed new

documents, records, affidavits, and expert reports to defense counsel" (Dkt. #55 at p. 1). Because of Plaintiff's untimely disclosure, Defendants request that Plaintiff be prohibited from relying on any newly disclosed medical and billing records, affidavits, or expert reports at trial.

The Court will address each allegedly untimely disclosure, in turn.

### I.     Plaintiff's Expert Reports Disclosed on September 3, 2021

Defendants ask this Court to strike, or in the alternative grant a continuance and reschedule trial to permit additional discovery on (1) a Life Care Plan report by Dr. Cowen dated June 10, 2021 and disclosed to Defendants on September 3, 2021; and (2) a Life Care Plan report by Dr. Davenport dated June 11, 2021 and disclosed to Defendants on September 3, 2021.

Plaintiff responds that the Motion should be denied because "Plaintiff's updated expert reports do not disclose new opinions," but instead update "the life care plan[s] from the first reports based on Plaintiff's recent medical treatments" (Dkt. #63 at pp. 1, 3). Further, Plaintiff contends that Defendants had notice that the supplements were forthcoming as the modifications made to the reports were discussed at Plaintiff's experts' deposition (Dkt. #63 at pp. 4-5).

#### A. Whether the Expert Reports Were Supplemental

As a threshold issue, the Court must determine if Plaintiff's disclosures were supplemental or instead contain completely new information. If the disclosures were supplemental, then Rule 26's supplemental procedures will determine whether the disclosures are timely. If the disclosures were new, then they are governed by the discovery deadline in the Scheduling Order.

The "Federal Rules of Civil Procedure do not define what constitutes a supplemental expert report." *Charter Sch. Sol. v. GuideOne Mutual Ins. Co.*, No. ep-18-cv-61-kc, 2019 WL 5258055, at *2 (W.D. Tex. Jun. 28, 2019). Consequently, what constitutes a supplemental expert report is not a clear-cut issue and "the distinction likely depend[s] on the facts of the case." *Charles v.*

*Sanchez*, No. ep–13–cv–00193–dcg, 2015 WL 808417, at *8 (W.D. Tex. Feb. 24, 2015) (quoting *Gilbane Bldg. Co. v. Downers Grover Comm. High Sch. Dist.*, No. 02-c-2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 11, 2005)).

At his deposition, Dr. Cowen discussed that his initial Life Care Plan report would need to be supplemented to consider the impact of a spinal surgery performed on Plaintiff after the report was issued (Dkt. #63 Exhibit 1 at p. 24). With these underlying facts, it is apparent that Dr. Cowen's supplement disclosed on September 3 was intended to complete outstanding or correct inaccurate information in his initial Life Care Plan report, not issue wholly new opinions. *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 469 (E.D. Tex. 2020) (noting that supplemental disclosures are permissible means for experts to correct inaccuracies of an incomplete report based on information that was not available at the time of the initial disclosure) (quoting *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012)).

As for Dr. Davenport, Plaintiff represents that Dr. Davenport's second report disclosed on September 2 operated as an update to his initial Life Care Plan report (Dkt. #63 at p. 4). Other than referring to Dr. Davenport's second report as "new" because it was disclosed after the discovery deadline (Dkt. #55 at p. 3), Defendants have not provided any explanation for the Court to doubt the accuracy of Plaintiff's representations.

Having considered all relevant pleadings, the Court finds that Dr. Cowen's and Dr. Davenport's second Life Care Plan reports disclosed on September 2, 2021 were supplemental in nature.

### B. Whether the Expert Reports Were Timely Disclosed

Next, the Court must determine if Plaintiff's September 2 supplemental expert reports were timely disclosed. The Court's Scheduling Order governs the deadlines for expert disclosures.

Fed. R. Civ. P. 26(a)(2)(C); *see Russell v. Wal-Mart Stores, Inc.*, No. 1:06-cv-408, 2007 WL 9725186 at *2 (expert disclosures must "be made at the times and in the sequence directed by the court"). When the Scheduling Order is silent, supplemental reports are generally due 30-days pretrial. *See* Fed R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3)(B); *Kumar*, 2020 WL 4464502 at *14.

Here, the Court's schedule does not expressly mandate a deadline for supplements. Thus, Rule 26(a)(3) requires supplemental expert disclosures be made "at least 30 days before trial." Fed. R. Civ. P. 26(a)(3). While the trial date is currently set for September 27, 2021, the Court had not yet set a date for trial as of the July 12 discovery deadline (*see* Dkt. #44). Rather, according to the Court's initial Scheduling Order, the expected trial date was "between October 4, 2021 and October 29, 2021" (Dkt. #9 at p. 3). It was not until September 3, 2021, the same day Plaintiff supplemented his expert reports, that the Court set trial for September 27, 2021 (*see* Dkt. #44).

Thus, at the time Plaintiff first received notice of a trial date, only 24 days remained until trial. While the Court reminds the Parties of the importance of prompt discovery, the Court will not hold against Plaintiff his good-faith attempt to adhere to a technical impossibility. *See Connecticut General Life Ins. Co., v. Thomas*, 910 F.Supp. 297 (S.D. Tex. 1995). The Court declines to find that the supplemental expert reports disclosed by Plaintiff on September 2, 2021 were untimely considering the recent trial setting and the expected trial dates represented by this Court in its initial Scheduling Order.

Having found that Plaintiff did not violate Rule 26, it is unnecessary for the Court to perform the 4-factor analysis as set out in *Barrett*. 95 F.3d at 380. However, even if Plaintiff's disclosures had been untimely, Plaintiff has shown good cause for his delay.[1] Moreover,

---

[1] Plaintiff has represented to the Court that he "produced [the second reports] as soon as [Plaintiff's counsel] received them, [but] due to a technical glitch in the expert's internal computer system" the reports were not "downloaded and

6

Defendants would face no unfair or significant prejudice at trial. The Parties have represented to the Court that Plaintiff has made Dr. Cowen available for an additional deposition on September 22, 2021 for Defendants to discuss any changes represented in Dr. Cowen's second report (Dkt. #63 at p. 2). Seeing as Defendants were put on notice by Dr. Cowen's May 2021 deposition that Plaintiff's expert reports would be supplemented, the Court finds that Defendants had in the past and currently do have ample time and a fair opportunity to investigate any changes to the reports.

## II.     Plaintiff's Medical Records Disclosed on August 18 and September 4, 2021

Defendants ask this Court to strike, or in the alternative grant a continuance and reschedule trial to permit additional discovery on Plaintiff's medical records from (1) Texas Brain Center disclosed to Defendants on August 18 and September 4, 2021; and (2) Town & Country Crossing Orthopedics disclosed to Defendants on September 4, 2021 (Dkt. #55 at pp. 3, 5).

Defendants contend that the records from both providers were untimely disclosed after the discovery deadline (Dkt. #55 at pp. 3, 5). Further, Defendants assert that Texas Brain Center was never listed as one of Plaintiff's providers prior to August 18, and the records from this provider allege "for the first time in this litigation that Plaintiff suffered a traumatic brain injury" (Dkt. #55 at p. 2). Plaintiff responds that the Motion should be denied because his medical treatment is ongoing and any ongoing medical and billing records were produced "as soon as Plaintiff's counsel received them, in compliance with [Rule] 26" (Dkt. #63 at p. 1).

The duty to disclose ongoing medical records is governed by Rule 26(e). The Rule provides that parties must supplement discovery responses, including responses made to a request for

---

sent to Plaintiff's [counsel] until the day they were produced. . . . Plaintiff was therefore as diligent as possible in supplementing and therefore timely producing these reports" (Dkt. #62 at pp. 1, 4). There is no evidence in the record and no allegations have been made that Plaintiff's representations are untruthful.

production, "in a timely manner" upon learning that they are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). Supplementation "should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Fed. R. Civ. P. 26, advisory committee's note (1993).

Here, Plaintiff has a continuing obligation to produce documents in response to existing discovery requests. On October 1, 2020, Defendants served its First Request for Production (Dkt. #13 at Exhibit 1). Relevant to this Motion, Defendants requested in Nos. 19 and 20 that Plaintiff produce "any medical records . . . reflecting medical treatment which you claim resulted from the incident in question" and "any medical expenses . . . that you seek to recover as damages in this suit" (Dkt. #13 Exhibit 1 at p. 8). Plaintiff responded that his "medical treatment necessitated by the incident made the basis of this suit remain[s] ongoing" (Dkt. #15 at p. 3).

Although Defendants complain that Plaintiff's supplemental production took place past the discovery deadline, this argument overlooks that the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date. *See Knight v. Cooper*, 5:17-cv-234-olg, 2018 WL 7350946 (W.D. Tex. May 29, 2018) (allowing a party to supplement its discovery responses after the discovery deadlines). As is evident from Plaintiff's representations, Plaintiff produced the complained-of medical records in a timely manner after receiving them — precisely what the rules of discovery require. Fed. R. Civ. P. 26(e)(1)(A).

Finally, while Defendants contend that the records from Texas Brain Center contain a medical condition never before mentioned, it appears undisputed that treatment from this provider was related to ongoing medical issues allegedly necessitated by Plaintiff's collision with Defendant Steve Nelson Whittaker. Considering Defendants' knowledge that ongoing medical

8

treatment would be necessary in combination with Defendants' opportunity to depose Plaintiff's expert again before trial, the Court is not persuaded that the medical records disclosed on August 18 and September 4, 2021 constitute an unfair surprise or would unfairly prejudice Defendants at trial.

### III.     Alternative Motion for Continuance and to Reopen Discovery

Pursuant to its oral ruling at the September 17, 2021 Pretrial Conference, the Court finds that Defendants have not shown good cause to continue the trial setting. Accordingly, Defendants' Alternative Motion for Continuance should be denied.

### CONCLUSION

It is therefore **ORDERED** that Defendants Central Oregon Truck Company Inc. d/b/a Central Oregon Truck Company and Steed Nelson Whittaker's Objection and Motion to Strike Plaintiff's Untimely Medical and Billing Records and Affidavits, Document Production, and Expert Reports, and Alternative Motion to Continue and Reopen Discovery (Dkt. #55) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE